# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| VICKIE JO WOODRUFF, ) | Case No. 18-09021-RLM-13 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| VICKIE JO WOODRUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 18- |
| ) | |
| INDIANAPOLIS DEPARTMENT OF ) | |
| METROPOLITAN DEVELOPMENT ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO DETERMINE VALIDITY OR EXTENT OF LIEN

COMES NOW Vickie Jo Woodruff, ("Plaintiff-Debtor") and files her Complaint to Determine the Validity and Extent of a Lien ("Complaint"). In support of the Complaint, the Plaintiff-Debtor states as follows:

1. The Complaint is brought as an action to determine the nature, priority, validity, or extent of an alleged lien pursuant to FRBP 7001(2).

2. This Court has jurisdiction over this matter by virtue of 28 USC § 1334 as well as 28 USC § 157.

3. This is a core proceeding pursuant to 28 USC § 157(b)(2)(K).

4. The Plaintiff-Debtor consents to entry of final orders and judgments by the bankruptcy Court pursuant to FRBP 7008.

5. Plaintiff-Debtor filed the above-reference bankruptcy petition on November 30 ("Petition Date").

6. As of the Petition Date, Plaintiff-Debtor owned the real property commonly known as 4422 Priscilla Avenue, Indianapolis, IN 46226, ("Real Estate") which is located in Marion County, Indiana and has legal description:

   > Lot 168 in "Meadview Addition", in Marion County, Indiana as Per Plat Thereof, Recorded in Plat Book 28, Pages 418 to 421 Inclusive, In the Office of the Recorder of Marion County, Indiana.

7. The Real Estate is Plaintiff-Debtor's home and Plaintiff-Debtor uses the Real Estate as her personal residence.

8. On Schedule A of the bankruptcy petition, the Real Estate is valued at $75,000 as of the Petition Date.

9. The Real Estate was encumbered by liens on the Petition Date. Those liens are listed below:

   a. JPMorgan Chase Bank in the amount of $53,070.00;

   b. Bank of America in the amount of $5,609.78;

   c. Indiana Neighborhood Housing Partnership in the amount of $21,000.00

10. The Marion County Treasurer may also have a lien for real estate taxes on the property but the Plaintiff-Debtor is unsure if any past-due real estate taxes are owed at this time.

11. Plaintiff-Debtor filed her chapter 13 plan on November 30, 2018 and it provides that the lien held by the Indianapolis Department of Metropolitan Development ("Creditor") shall be stripped as wholly unsecured.

12. Creditor asserts a secured mortgage lien against the Real Estate as a result of a

subordinate mortgage recorded on January 11, 2002.

13. As of the Petition Date, Creditor's lien is not secured by any equity in the Real Estate.

14. As a result, Creditor's lien is unsecured pursuant to 11 USC § 506(a) and is subject to modification pursuant to 11 USC § 1322(b)(2).

WHEREFORE, the Plaintiff-Debtor requests that this Court assume jurisdiction of this case and enter a judgment that:

1. The value of the Real Estate shall be declared to be $75,000 for purposes of 11 USC § 506(a) and 11 USC § 1322(b)(2) as of the Petition Date.

2. Creditor's lien is unsecured and the value of Creditor's secured interest in the Real Estate is $0.00.

3. Creditor's mortgage lien in Real Estate is stripped and that the lien is declared void.

4. All other relief that the Court determines just and proper.

Respectfully Submitted,

/s/ Jason T. Mizzell
Jason T. Mizzell, 30038-53
Attorney for Debtor
7350 North Keystone Avenue
Indianapolis, IN 46240
Phone: (317)423-2416
Fax: (317)283-2600
E-mail: gloyeskilawin@hotmail.com